**EXHIBIT A**



LEXSEE

# TRUSTEES FOR MICHIGAN BAC HEALTH CARE FUND, et al., Plaintiffs, v. C.S.S. CONTRACTING COMPANY, INC., and F. MICHAEL SPENCER, Defendants.

## Case No. 07-12331

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

### 2008 U.S. Dist. LEXIS 41821

### May 29, 2008, Decided

**PRIOR HISTORY:** Trs. for Mich. Bac Health Care Fund v. C.S.S. Contr. Co., 2008 U.S. Dist. LEXIS 32758 ( E.D. Mich., Apr. 22, 2008)

**COUNSEL:** [*1] For Michigan BAC Health Care Fund, Michigan BAC Pension Fund, Michigan BAC Apprenticeship and Educational Fund, Bricklayers and Trowel Trades International Pension Fund, Bricklayers and Allied Craftworkers Local 9 Michigan, Michigan Council of Employers of Bricklayers and Allied Craftworkers, Plaintiffs: Dawn M. Weier, LEAD ATTORNEY, Steven F. Spender, LEAD ATTORNEY, Spender, Robb, Flint MI.

For C. S. S. Contracting Company, Incorporated, F. Michael Spencer, Defendants, Counter Claimants: L. David Lawson, Winegarden, Haley, Grand Blanc, MI.

For Bricklayers and Allied Craftworkers Local 9 Michigan, Counter Defendant: Dawn M. Weier, LEAD ATTORNEY, Steven F. Spender, LEAD ATTORNEY, Spender, Robb, Flint MI.

**JUDGES:** Hon. Sean F. Cox, U. S. District Court Judge.

**OPINION BY:** Sean F. Cox

**OPINION**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Reconsideration. Both parties have briefed the issues. For the following reasons, the Court **GRANTS** in part, and **DENIES** in part, Plaintiffs' Motion for Reconsideration. Defendant F. Michael Spencer is personally liable for the unpaid employer benefit contributions owed to Plaintiff Bricklayers & Trowel Trades International Pension Fund only.

## I. BACKGROUND

This [*2] action arises out of unpaid fringe benefit contributions. The underlying facts are fully set forth in this Court's April 22, 2008 Order granting in part, and denying in part, Plaintiffs' Motion for summary judgment [Doc. 25]. In that Order, this Court held that Plaintiffs failed to demonstrate that unpaid employer contributions were plan assets when due, based on the language of the trust agreement.

On May 2, 2008, Plaintiffs filed the instant Motion for Reconsideration, arguing that this Court erred in finding that the language of the trust agreement does not provide that unpaid employer contributions are plan assets when due. Defendants filed a Response, and Plaintiffs filed a Reply on the issue.

## II. STANDARD OF REVIEW

Motions for reconsideration are treated as motions to alter or amend judgment pursuant to Fed.R.Civ.P. 59. *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6 th Cir. 1982). Under Rule 59, motions may be granted if there is a clear error of law; newly discovered evidence not previously available; an intervening change in controlling law; or to prevent manifest injustice. *Gencorp, Inc. v. American International Underwriters*, 178 F.3d

804, 834 (6th Cir. 1999). Additionally, [*3] local rule provides:

> (g) Motions for Rehearing or Reconsideration.
>
> * * *
>
> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g).

## III. ANALYSIS

The parties appear to dispute whether each of the four Trust Fund Plaintiffs have valid Trust Agreements. In the summary judgment Order this Court noted that the trust agreement submitted by Plaintiffs created the Trust Fund known as "Saginaw Valley Bricklayers' Health and Welfare Fund," and did not indicate how this document is binding on the parties before the Court. In its Motion for Reconsideration, Plaintiff submits an amendment to that agreement indicating that the fund is now called the "Michigan BAC Health Care Fund." [Motion, Exhibit 1]. In their Reply, Plaintiffs also submit portions of trust agreements pertaining to the remaining three [*4] Trust Fund Plaintiffs. [Reply, Exhibit 2].

In the summary judgment order, this Court ruled that it agrees with the reasoning of *ITPE Pension Fund v. Hall*, 334 F.3d 1011 (11th Cir. 2003), that benefit contributions are plan assets when they become due only if the trust agreement so provides. This Court also adopted the *ITPE* court's holding that "without clear contractual language it is improper to impute fiduciary responsibility." *Id.* at 1015. As an initial matter, the Court could not have erred in its initial Order because none of the evidence containing the trust agreement language pertaining to the four Trust Fund Plaintiffs was presented.

As part of the instant Motion, the trust agreement language the parties direct the Court to is as follows:

**Michigan BAC Health Care Fund:**

> Neither the Union, Employers, Employees, nor any other person, association, or corporation shall have any right, title or interest in or to the Trust Fund except as specifically provided herein and the applicable rules and regulations hereunder. It is the intention of the parties hereto that this Section shall not disqualify contributions due from any Employer from being a priority claim in the event of bankruptcy [*5] of any such Employer.
>
> Anything contained in this Agreement and Declaration of Trust to the contrary notwithstanding, no part of the corpus or income of the Trust Fund shall be used for or diverted to purposes other than for the exclusive benefit of eligible Employees, their dependents and beneficiaries, or for the purposes set out in Section 2 of this Article.

[Motion, Exhibit 2].

**Michigan BAC Pension Fund:**

> Section 3 - TRUST FUND or FUND
>
> The term "Trust Fund" or "Fund" shall mean the MICHIGAN BAC PENSION FUND and all of the assets thereof.
>
> Section 1 - TITLE TO ASSETS
>
> Title to the Trust Fund and its assets shall be vested in and remain exclusively in the Trustees and exclusively for the purposes of the Trust Fund. No Employer, Union, Association, Employee or former Employee of any Employer, Participant, Beneficiary or any other person, governmental agency, firm or corporation shall have any right, title or interest in or to the Trust Fund except as specifically provided by the Pension Plan adopted by the Trustees and the rules, regulations and decisions of the Trustees implementing this Trust Agreement and the Pension Plan.

[Reply, Exhibit 2].

**MCE Cooperation and Education Trust:**

> NO INUREMENT: [*6] Under no circumstances, including termination or merger, shall the net earnings of the Trust inure to the benefit of the Union or the MCE, any Employer, or any other indi-

vidual or entity, except to the extent permitted by applicable provisions of the Code and all other applicable laws.

[Reply, Exhibit 2].

### Bricklayers & Trowel Trades International Pension Fund:

Section 4.1 Employer Contributions

(a) Each Employer shall make prompt contributions or payment to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union or Local Union. An Employer may also be required to make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees. The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligation shall not be set-off or counterclaim which the Employer may have for any liability of the Union or Local Union, or of an Employee. Title to all monies paid into [*7] and/or due and owing the Trust Fund shall be vested in and remain exclusively in the Trustees of the Fund.

[Reply, Exhibit 2].

Plaintiff argues that the trust agreement language in *Plumbers Local 98 Defined Benefit Funds v. Controlled Water, Inc.*, 2006 U.S. Dist. LEXIS 69913, 2006 WL 2708544 (E.D. Mich. 2006) and *Plumbers Local 98 Defined Benefit Funds v. Wolf Mechanical, Inc.*, 2007 U.S. Dist. LEXIS 90480, 2007 WL 1835972 (E.D. Mich. 2007) is "strikingly similar" to the "Trust Agreement in this case." [Motion, p.7]. The pertinent trust agreement language in *Wolf* was:

8.2 Rights of the Fund

The corpus or income of the trust may not be diverted to or used for other than the exclusive benefit of the participants or their beneficiaries. Any contribution made by the employer because of a mistake of fact must be returned to the employer within one year of the contribution. In the event the deduction of a contribution made by the employer is disallowed under Section 404 of the Code, such contribution (to the extent disallowed) must be returned to the employer within one year of the disallowance of the deduction.

No Contributing Employer shall have any right, title or interest in the Fund and neither at the termination of the Plan nor at any other time [*8] shall any part of the Fund revert to any Contributing Employer.

Presumably, the similar language Plaintiffs refer to is the trust agreement language involving Plaintiff Michigan BAC Health Care Fund. Plaintiffs do not indicate how their argument extends to the trust agreement language of the other three Trust Fund Plaintiffs.

In *Wolf*, this Court did not undertake a thorough analysis of when employer contributions become plan assets. The Court did not have to because although in their brief the plaintiffs cited law on both issues, they implied that the contributions in dispute were employee contributions, not employer contributions. [1] The defendants did not address personal liability pursuant to ERISA at all in their response. Thus, *Wolf* is not helpful because it does not provide any analysis.

   1 In *Wolf*, the plaintiffs' brief contained the following language "[w]hen an employer withholds money from an employee's paycheck for deposit into an employee welfare benefit fund, the courts have concluded that he is a fiduciary with respect to the money." [Case No. 06-12005, Doc. 57, p.8]. Further the brief stated "[a]s set forth above, this District has overwhelmingly held that when an individual [*9] withholds employee benefit contributions, he is a fiduciary regarding those plan assets." *Id.* at 13.

In *Controlled Water*, as in this case, the court made a distinction between employee and employer benefit contributions. With respect to employer benefit contributions, the *Controlled Water* court cited *Galgay v. Gangloff*, 677 F. Supp. 295 (M.D.Pa. 1987). In *Galagay*, the trust agreement stated "title to all monies paid into and/or due and owing to said fund shall be vested in and remain exclusively in the trustees of the fund." *Galgay*, 677 F. Supp. at 301. Thus, the court held the unpaid contributions were plan assets when they became due. The *Controlled Water* court also cited *United States v. Panepinto*, 818 F. Supp. 48 (E.D.N.Y. 1993). As stated in this Court's order:

In *Controlled Water*, the court did not cite directly from the trust agreement, stating instead that "Plaintiffs' trust documents, incorporated into the collective bargaining agreement, provide that contributions become vested plan assets when due." *Controlled Water*, 2006 U.S. Dist. LEXIS 69913, WL 2708544 at *5. The *Controlled Water* court likened the language in the trust agreement before it to the language in the collective bargaining agreement at [*10] issue in *United States v. Panepinto*, 818 F. Supp. 48 (E.D.N.Y. 1993). The agreement in *Panepinto* stated "[n]either the Associations as such nor any Employer shall have any legal or equitable right, title or interest in or to any sum paid by or due from the Employer and of said benefit funds." *Controlled Water*, 2006 U.S. Dist. LEXIS 69913, WL 2708544 at *5. The *Panepinto* court found the language sufficient to make the amounts due assets of the funds, finding that "[i]f the employer has no legal interest in any amounts received that are 'due to' the funds, then plainly the agreement makes these amounts 'assets' of the funds." *Panepinto*, 818 F. Supp. at 52.

[Doc. 25, pp. 11-12].

The trust agreement language in the cases cited in *Controlled Water* all made it explicit that contributions owed were considered plan assets. There was no citation to the trust agreement language the court relied on in *Controlled Water* itself, so that case is not directly helpful. In this case, the only trust agreement that makes it explicit that it is intended to apply to unpaid contributions is the Bricklayers & Trowel Trades International Pension Fund. The trust agreement provides that "[t]itle to all monies paid into and/or due and owing [*11] the Trust Fund shall be vested in and remain exclusively in the Trustees of the Fund." [Reply, Exhibit 2]. The remaining three trust agreements do not clearly provide that unpaid employer contributions become plan assets when due or owing. To say that title to a trust fund and its assets vests solely with the trustees of the fund does not answer the question of what is an asset, and whether unpaid employer contributions should be considered so.

Accordingly, in consideration of the evidence newly submitted, the Court finds that Defendant F. Michael Spencer is personally liable for unpaid employer contributions owed to Plaintiff Bricklayers & Trowel Trades International Pension Fund.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part, and **DENIES** in part, Plaintiffs' Motion for Reconsideration. Defendant F. Michael Spencer is personally liable for the unpaid employer benefit contributions owed to Plaintiff Bricklayers & Trowel Trades International Pension Fund only.

**IT IS SO ORDERED.**

Dated: May 29, 2008

S/ Sean F. Cox

Sean F. Cox

U. S. District Court Judge