# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

OUTSTATE MICHIGAN TROWEL TRADES
HEALTH AND WELFARE FUND; et al,

        Plaintiffs,

v

ABBOTT CONSTRUCTION, INC.,

        Defendant,

and

FIDELITY BANK,

        Garnishee Defendant.

Case No. 09-12856

Hon. George Caram Steeh

Mag. Mark A. Randon

## HANOVER INSURANCE COMPANY'S
## MOTION TO INTERVENE

In support of its Motion to Intervene, Hanover Insurance Company submits the attached Brief, together with Exhibits and Affidavits.

        Respectfully submitted,

Dated: November 30, 2010        **KERR, RUSSELL AND WEBER, PLC**

        By:   s/Mark M. Cunningham
            Mark M. Cunningham (P38408)
        500 Woodward Avenue, Suite 2500
        Detroit, Michigan 48226
        (313) 961-0200
        mmc@krwlaw.com

        *Attorneys for The Hanover Insurance Company*

HIGHLY CONFIDENTIAL

# BRIEF IN SUPPORT OF
# HANOVER INSURANCE COMPANY'S
# MOTION TO INTERVENE

## INTRODUCTION

Hanover Insurance Company ("Hanover") issued statutorily required performance and labor and material payment bonds for Defendant Abbott Construction, Inc. ("Abbott") in connection with various public projects in the State of Michigan.  Subsequently, Hanover has made a number of payments in response to claims by subcontractors and suppliers and/or owners in connection with those bonds.

Pursuant to an Agreement of Indemnity, Hanover has a superior perfected assignment and security interest in all funds from bonded and nonbonded projects of Abbott.  Hanover believes its prior perfected security interest takes priority over Plaintiffs' claim, judgment and/or judgment lien.

The funds held by Fidelity Bank are proceeds from bonded projects of Abbott in which Hanover has a prior perfected and superior assignment and security interest.  In fact, all of the proceeds in the account which Plaintiffs and the Operating Engineers seek to seize are funds from the project known as Fox Creek Infrastructure Project, Street Improvements and Rehabilitation Center, EDC Project # Fox Creek 2008-T, a project for which Hanover issued payment and performance bonds and in connection with which Hanover has made payment on numerous claims against its bonds.  (See Affidavit of Bruce Abbott, Exhibit A).

Pursuant to Fed.R.Civ.P. 24(a)(2), a party has a right to intervene in any action where the party claims an interest relating to the property or transaction which is the subject of the action and its rights in the property may be impaired or impeded as a result of the outcome of the existing action.  Pursuant to Fed.R.Civ.P.24(b), a court may permit anyone to intervene who has

a claim or defense that shares with the main action a common question of law or fact. In the present case, Hanover's rights in the funds which are held by Fidelity Bank may be impeded or impaired and Hanover's ability to protect its interest in those funds could be adversely affected as the existing parties do not adequately represent Hanover's interest in those funds.

## BACKGROUND FACTS

Abbott procured statutorily-required payment and performance bonds from Hanover in connection with various public projects. (Exhibit B, McDevitt Aff. ¶ 2). On October 5, 2005, Abbott entered into an indemnity agreement with Hanover that, *inter alia*, assigned all contract balances owed to Abbott on bonded and unbonded jobs to it and gave it a security interest in all contract funds. (Exhibit C, 10/5/05 Agreement of Indemnity ¶ 5; Exhibit B, McDevitt Aff. ¶¶ 4-5). The indemnity agreement provides that the agreement "shall constitute a Security Agreement of the Surety and also a Financing Statement[.]" (Exhibit C, 10/5/10 Agreement of Indemnity ¶ 10; Exhibit B, McDevitt Aff. ¶¶ 4-5).

Abbott defaulted on the bonds and on its obligations under the Indemnity Agreement. (Exhibit B, McDevitt Aff. ¶ 7). As a result of Abbott's default, Hanover has received multiple claims against its bonds by subcontractors and suppliers of Abbott on the Hanover bonded jobs and paid the following claims:

| | | |
|---|---|---|
| 1. | McCoig Materials, LLC | $10,536.40 |
| 2. | Doan Construction Co. | $23,315.95 |
| 3. | Blaze Contracting, Inc. | $48,778.59 |
| 4. | P.K. Contracting, Inc. | $5,611.77 |
| 5. | Ajax Paving Industries, Inc. | $614,118.67 |
| 6. | Superior Materials, LLC | $100,925.61 |

HIGHLY CONFIDENTIAL

(*Id.* ¶ 6).

All of the foregoing payments were made in connection with the project known as Fox Creek Infrastructure Project, Street Improvements and Rehabilitation Center, EDC Project # Fox Creek 2008-T.

On April 29, 2010, Hanover filed a UCC Financing Statement with the Michigan Department of State covering the following collateral:

1. All right, title and interest of the Debtors in and to all tools, plant, equipment and materials of every nature and description that may now or hereafter be upon the site of the contracted work or elsewhere for the purpose of the contract; and

2. All right, title and interest of the Debtors in and to the contract including all rights in and to all subcontracts or purchase orders let or to be let in connection herewith; and

3. <u>All monies retained, due, or due in the future on account of any contract, whether bonded or unbounded, in which any of the Debtors have an interest</u>; and

4. All right, title and interest, or use of any license, patent, trademark, or copyright held by the Debtors in connection with contracted work or required for the completion of any contract.

(Exhibit D, 4/29/10 UCC Financing Statement and attachments) (emphasis added).

Plaintiffs' *Ex Parte* Motion alleges it obtained a Judgment against Abbott on May 10, 2010 and that pursuant to an Order dated August 23, 2010, it was awarded attorneys fees and costs. Plaintiffs' Motion also alleges that on May 28, 2010, it obtained a Restraining Order as to certain property of Abbott based upon its Judgment. Finally, Plaintiffs' Motion alleges that the Operating Engineers obtained a Judgment against Abbott on May 25, 2010 in a separate action.

Abbott assigned the proceeds of all of its bonded and unbonded projects to Hanover on October 5, 2005. While that assignment and security interest is self perfecting under Michigan law, Hanover also filed a UCC Financing Statement providing further protection to Hanover on

3

April 29, 2010 before either Plaintiffs or the Operating Engineers obtained any ostensible right to the funds they now seek to obtain through an order of this court.

## ARGUMENT

### A. Hanover's Prior Perfected Security Interest Takes Priority over Plaintiff's Status as a Mere Judgment Creditor.

Michigan law is clear that Hanover's prior perfected assignment and security interest take priority over Plaintiff's status as a mere judgment creditor. While Hanover's assignment and security interest do not require any filing under the UCC for perfection, Hanover filed its UCC Financing Statement on April 29, 2010, thus perfecting its security interest in all contract amounts owing to Abbott, from bonded and nonbonded projects. Plaintiffs and the Operating Engineers did not obtain "lien creditor" status at least until sometime after their Judgments, which were not obtained until May 2010.

A creditor that acquires a lien through a garnishment is considered a "lien creditor" under the Uniform Commercial Code. *See* MCL 440.9301(3). That lien attaches upon service of the writ of garnishment. *Michigan Tractor & Machinery Co. v Joacham Excavating, Inc*., 216 Mich App 94, 97 (1996) (citation omitted) (attached as Exhibit E). Although <u>unperfected</u> security interests are subordinate to lien creditors, MCL 440.9301(1)(b), a lien creditor is subordinate to a prior <u>perfected</u> security interest. *Joacham*, 216 Mich App at 97 (citation omitted)

In *PDM Bridge v WWA Contracting, Inc*., No 239762, 2003 Mich App LEXIS 3249 (Mich Ct App Dec 16, 2003) (unpublished) (attached as Exhibit F), the Court of Appeals held that because a trust filed proper financing statements <u>before</u> the plaintiff attempted to garnish, the trust had a superior security interest in the accounts receivable. *Id*. at *8.

Because Hanover's prior assignment and security interest in bonded and nonbonded contract funds takes priority over Plaintiffs' garnishment and any claim by the Operating

4

Engineers, Hanover, and <u>not</u> Plaintiffs, is entitled to the funds sought to the extent the account referenced contains such funds.

Pursuant to Fed.R.Civ.P. 24(a)(2), Hanover has a right to intervention. That rule provides, in pertinent part:

> Rule 24 Intervention
>
> (a) Intervention of right. On timely motion, the court must permit anyone to intervene who:
>
> * * *
>
> (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Hanover has a security interest in and an absolute right to the funds being held by Fidelity Bank. In addition, Hanover's subrogation rights are prior and superior to those claimed by any other persons or entities, including Plaintiffs. Disposing of Plaintiffs' action to obtain those funds without Hanover's participation will impair or impede Hanover's ability to protect its interest and there is no other party in this action adequately situated to represent Hanover's interest.

In the alternative, Hanover has a right to permissive intervention pursuant to Fed.R.Civ.P. 24(b)(1)(B).

## **CONCLUSION**

For the foregoing reasons, Hanover requests that this Court allow Hanover to intervene in this action and file the Complaint which is attached hereto as Exhibit G and thereafter proceed with this action to obtain the funds currently held by Fidelity Bank.

5

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 30, 2010 | **KERR, RUSSELL AND WEBER, PLC** |

By:   s/Mark M. Cunningham
        Mark M. Cunningham (P38408)
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226
(313) 961-0200
mmc@krwlaw.com

*Attorneys for The Hanover Insurance Company*

6

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

OUTSTATE MICHIGAN TROWEL TRADES
HEALTH AND WELFARE FUND; et al,

      Plaintiffs,

v

ABBOTT CONSTRUCTION, INC.,

      Defendant,

And

FIDELITY BANK,

      Garnishee Defendant.

Case No. 09-12856

Hon. George Caram Steeh

Mag. Mark A. Randon

## CERTIFICATE OF SERVICE

    I hereby certify that on November 30, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

    Respectfully submitted,

    **KERR, RUSSELL AND WEBER, PLC**

    By:  s/Mark M. Cunningham
       Mark M. Cunningham (P38408)
    Attorneys for The Hanover Insurance Company
    500 Woodward Ave., Suite 2500
    Detroit, MI  48226
    (313) 961-0200
    mmc@krwlaw.com

Dated:  November 30, 2010