UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUTSTATE MICHIGAN TROWEL
TRADES HEALTH AND WELFARE
FUND, et al.,

        Plaintiffs,

vs.

ABBOTT CONSTRUCTION, INC.,

        Defendant.

vs.

FIDELITY BANK,

        Garnishee Defendant
_____/

Case No. 09-CV-12856

HON. GEORGE CARAM STEEH

ORDER GRANTING HANOVER INSURANCE
COMPANY'S MOTION TO INTERVENE [DOC. 51]

      Hanover Insurance Company filed a motion to intervene in this case pursuant to Federal Rule of Civil Procedure 24. For the reasons stated herein, the motion to intervene is GRANTED.

      Plaintiff, Outstate Michigan Trowel Trades Health and Welfare Fund obtained judgment against defendant Abbott Construction on May 10, 2010, in the amount of $57,936.75 "plus attorney fees and post-judgment interest." [Doc. 29]. On August 23, 2010, plaintiffs were awarded attorneys' fees and costs in the amount of $13,463.00. [Doc. 42]. Subsequent to entry of the judgment, plaintiffs obtained an order for examination of judgment debtor, restraining the defendant and "any third party who is

served" with the post-judgment order from transferring or disposing of any property of the defendant "until further order of this Court." [Doc. 31].

Non-party Operating Engineers' Local 324 Fringe Benefit Funds also obtained a judgment against defendant in the amount of $80,143.25 on May 25, 2010 in a separate proceeding in the United States District Court for the Eastern District of Michigan, Case No. 09-11702 ("Operating Engineers' Judgment).

Both plaintiffs and Operating Engineers engaged in post-judgment collection activities which included obtaining and serving a writ of garnishment on Fidelity Bank, garnishee defendant. Fidelity is the custodian of assets of defendant in the amount of $41,919.35 ("Garnished Funds"). Plaintiffs and Operating Engineers have agreed to share the Garnished Funds and apply the proceeds toward their respective judgments, with $29,220.53 going to plaintiffs and $12,698.82 going to Operating Engineers. Fidelity has agreed to distribute the Garnished Funds in accordance with the agreement, so long as such disbursement is approved by the court.

Defendant has not asserted any objection to the writs of garnishment issued against its Fidelity Bank account. Plaintiffs filed an ex parte motion for approval of order authorizing disbursement of garnished funds in accordance with the agreement of plaintiffs and Operating Engineers, and modification of the post-judgment order such that Operating Engineers may pursue their post-judgment collection remedies against defendant and defendant's assets, and Fidelity Bank may disburse same.

On November 11, 2010, Hanover Insurance Company filed a motion to intervene and a request that plaintiffs' ex parte motion for approval of order authorizing disbursement and to modify the restraining order be denied. [Doc. 47 and Doc. 51]. In

its motion to intervene, Hanover explains that it issued performance and labor and material payment bonds for Abbott in connection with various public projects in the State of Michigan. Subsequently, Hanover has made a number of payments in response to claims by subcontractors and suppliers in connection with those bonds. Pursuant to an indemnity agreement entered with Abbott, Hanover alleges that it has a superior perfected assignment and security interest in all funds from bonded and unbonded projects of Abbott. This indemnity agreement was entered on October 5, 2005, whereby Abbott assigned all contract balances owed to it to Hanover, and gave Hanover a security interest in all contract funds.

According to Hanover, the funds held by Fidelity Bank are proceeds from a bonded project of Abbott known as the Fox Creek Infrastructure Project, Street Improvements and Rehabilitation Center, EDC Project # Fox Creek 2008-T, a project for which Hanover issued payment and performance bonds and in connection with which Hanover has made payment on numerous claims against its bonds. (Affidavit of Bruce Abbott). Hanover asserts that its prior perfected security interest takes priority over plaintiffs' claim against the Fidelity Bank Garnished Funds.

Pursuant to Fed. R. Civ. P. 24(a)(2), a party has a right to intervene in any action where the party claims an interest relating to the property or transaction which is the subject of the action and its rights in the property may be impaired or impeded as a result of the outcome of the existing action.

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

3

There are four factors a court considers in evaluating a motion for intervention as of right: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest. <u>Coalition to Defend Affirmative Action v. Granholm</u>, 501 F.3d 775, 779 (6th Cir. 2007).

Hanover has a right to intervene in this action due to its security interest in the funds being held by Fidelity Bank. Hanover's presence in the action before this court is necessary to avoid impairing or impeding Hanover's ability to protect its interest in the funds, and there is no other party in the action adequately situated to represent Hanover's interest.

Hanover's motion to intervene is GRANTED.


Dated: December 22, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 22, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---

4