UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUTSTATE MICHIGAN TROWEL TRADES
HEALTH AND WELFARE FUND;
*et al.*,
    Plaintiffs,
v                                    Case No. 09-12856
                                       Hon. George Caram Steeh
ABBOTT CONSTRUCTION, INC.        Mag. Mark A. Randon
    Defendant,
and

FIDELITY BANK,
    Garnishee Defendant.
_____/

**CONSENT ORDER GRANTING MOTION FOR APPROVAL OF
ORDER AUTHORIZING DISBURSEMENT OF GARNISHED
FUNDS AND TO MODIFY RESTRAINING ORDER**

THIS MATTER came before the Court on Plaintiffs' Motion for Approval of Order Authorizing Disbursement of Garnished Funds and to Modify Restraining Order [Docket No. 46] (the "Motion"), and the parties having consented to entry of this Order, as evidenced by the signatures of counsel hereinbelow, and being more fully advised in the premises, the Court finds good cause for granting the Motion as follows:

A.    Judgment was entered against Abbott Construction, Inc. ("Defendant") on May 10, 2010 [Docket No. 29] and in favor of Plaintiffs in the amount of $57,936.75, plus attorney's fees and costs awarded pursuant to court order entered August 23, 2010 [Docket No. 42] in the amount of $13,463.00.

B.    Plaintiffs obtained a post-judgment restraining order with regard to Defendant's property on May 28, 2010 [Docket No. 31] (the "Restraining Order"), which was effective against any duly-served third party who was in possession of Defendant's property.

C.      Operating Engineers' Local 324 Fringe Benefit funds ("Operating Engineers") also obtained judgment against Defendant in the amount of $80,143.25 on May 25, 2010, entered in U.S. District Court for the Eastern District of Michigan Case No. 5:09-cv-11702.

D.      Both Judgments remain unsatisfied as of the date hereof.

E.      Both Plaintiffs and Operating Engineers duly served separate writs of garnishment in connection with post-judgment collection proceedings on Fidelity Bank ("Fidelity Bank"). Fidelity Bank acknowledged in its garnishee disclosure that it was holding funds belonging to the Defendant in the amount of $41,919.35 (the "Garnished Funds").

F.      With regard to its post-judgment collection efforts, Plaintiffs also served the Restraining Order on Operating Engineers and Fidelity Bank.

G.      Plaintiffs and Operating Engineers agreed to share the Garnished Funds and, thereupon, Plaintiffs filed the Motion in order to obtain a court order authorizing Fidelity Bank to disburse the Garnished Funds in accordance with the agreement.

H.      Hanover Insurance Company ("Hanover") filed its response to the Motion, claiming a superior interest in the Garnished Funds by way of a "perfected assignment and security interest" related to its issuance of and performance under certain statutorily required performance and payment bonds on behalf of Defendant.  Hanover also filed <u>Intervening Complaint for Declaratory and Other Relief</u> [Docket No. 55] seeking a determination that the Garnished Funds should be paid to it.

I.      Defendant was timely served with Fidelity Bank's garnishee disclosures, the Motion and Hanover's response thereto.  Defendant has not asserted any claim to the Garnished Funds and has not filed any objection or response to the Motion and the time to do so has long since expired.  Therefore, Defendant no longer has any legally cognizable interest in the Garnished Funds.

J.  No other party has filed a response to the Motion or claimed an interest in the Garnished Funds.

K.  The parties claiming an interest in the Garnished Funds have agreed to resolve their competing claims pursuant to the terms of this Consent Order and they have agreed to release each other from any claims or liability related to the Garnished Funds upon compliance with the terms of this Consent Order.

NOW, THEREFORE;

IT IS HEREBY ORDERED THAT:

1.  The Motion is granted pursuant to the terms of this Order.

2.  Fidelity Bank shall, upon the fifteenth (15th) day following entry of this Order, disburse the Garnished Funds totaling $41,919.35 as follows:

(a)  The sum of $20,959.68 shall be made payable to Erman, Teicher, Miller, Zucker & Freedman Client Trust Account, Attn: Craig E. Zucker, Esq., 400 Galleria Officentre, Suite 444, Southfield, Michigan 48034, for the benefit of Plaintiffs and Operating Engineers, said parties having reached a separate agreement concerning sharing said proceeds; and,

(b)  The sum of $20,959.67 shall be made payable to Hanover Insurance Company, c/o Kerr, Russell and Weber, PLC, Attn: Mark M. Cunningham, Esq., 500 Woodward Avenue, Suite 2500, Detroit, Michigan 48226.

Any amount being held by Fidelity Bank in Defendant's bank account which exceeds the amount stated herein shall be divided evenly and added to the amounts stated in paragraphs 2(a) and 2(b).

3.  All claims that have been or may be asserted by Plaintiffs, Operating Engineers, Fidelity Bank and Hanover in connection with the Garnished Funds are hereby resolved with prejudice and without costs.

4. The Restraining Order is modified to allow Fidelity Bank to make the disbursements required under paragraphs 2(a) and 2(b) above. The Restraining Order shall otherwise remain in full force and effect.

5. This Order resolves the writs of garnishment respectively issued to Fidelity Bank by Plaintiffs and Operating Engineers and, upon Fidelity Bank's compliance with paragraphs 2(a) and 2(b) above, both garnishment writs shall be deemed discharged and Plaintiffs, Operating Engineers and Hanover, further fully release and discharge Fidelity Bank from any and all claims that were, or could have been, asserted in connection with the Garnished Funds.

6. Upon receipt of payment as described herein, Hanover shall file its Notice of Voluntary Dismissal of its Intervening Complaint with prejudice and without costs.

7. This Court retains jurisdiction with regard to the terms of this Order and as to the Garnished Funds.

                                  s/George Caram Steeh
                                  United States District Judge

Dated: June 6, 2011

Approved for entry as to form and content:

| ERMAN, TEICHER, MILLER, ZUCKER & FREEDMAN, P.C. | KERR, RUSSELL AND WEBER, PLC . |
|---|---|
| */s/ Craig E. Zucker* | */s/ Mark M. Cunningham (by consent)* |
| CRAIG E. ZUCKER (P39907) | MARK M. CUNNINGHAM (P38408) |
| Counsel for Plaintiffs | Counsel for Hanover Insurance Company |
| 400 Galleria Officentre, Ste. 444 | 500 Woodward Avenue, Suite 2500 |
| Southfield, MI 48034 | Detroit, MI 48226 |
| (248) 827-4100 | (313) 961-0200 |
| czucker@ermanteicher.com | mmc@krwlaw.com |

[additional signatures follow next page]

| | |
|---|---|
| SULLIVAN WARD ASHER & PATTON, PC | SICILIANO MYCHALOWYCH VAN DUSEN & FEUL |
| */s/ David J. Selwocki (by consent)*<br>DAVID J. SELWOCKI (P51375)<br>Counsel for the Operating Engineers<br>25800 Northwestern Hwy., Ste. 1000<br>P.O. Box 222<br>Southfield, MI 48037<br>(248) 746-2759<br>dselwocki@swappc.com | */s/ Joseph A. Siciliano (by consent)*<br>JOSEPH A. SICILIANO (P36904)<br>Counsel for Fidelity Bank<br>37000 Grand River Ave., Ste. 350<br>Farmington Hills, MI 48335<br>(248) 442-0510<br>jsiciliano@smvf-law.com |

F:\FUNDS\abbott Construction\consent order resolving fidelity garnishment.doc